IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **L.G. BROWN, as parent and next friend of her minor children, J.L. Brown and B.K. Brown, II,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 1:05-CV-01742-RMC |
| | ) | Judge Rosemary M. Collyer |
| **DUPONT PARK SEVENTH DAY ADVENTIST SCHOOL,** | ) ) ) | |
| **Defendant.** | ) ) | |

**DEFENDANT DUPONT PARK SEVENTH DAY ADVENTIST SCHOOL'S
MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant Dupont Park Seventh Day Adventist School, by undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Memorandum of Points and Authorities in support of its Motion to Dismiss.

**I.      FACTS**

Plaintiff is attempting to state a claim under the Americans with Disabilities Act ("ADA"). Ms. L.G. Brown ("Brown" or "Ms. Brown") applied for admission for her son and daughter to Dupont Park Seventh Day Adventist School for the 2004 school year. As evident from the pleadings, Dupont Park Seventh Day Adventist School (the "School") is a private parochial school. The School is controlled and operated by the Dupont Park Seventh Day Adventist Church.[1] Ms. Brown's children apparently qualified for the D.C.

---

[1] The School is accredited by the North American Division of the General Conference of Seventh Day Adventist.

Opportunity Scholarship program and chose to apply to the School. The School denied admission to Ms. Brown's children.[2]

In the Complaint, plaintiff alleges that her son B.K. Brown, II ("B.K. Brown") has some type of learning disability. She does not state what disability he may have. Plaintiff's daughter, J.L. Brown ("J.L. Brown"), is not alleged to have any disability.

Plaintiff does not seek any injunctive relief in the Complaint; she only seeks monetary damages. Further, plaintiff requests a jury trial in the Complaint.

## II.   ARGUMENT

Plaintiff fails to state a claim for which relief can be granted, and this case should be dismissed with prejudice pursuant to Rule 12(b)(6). In considering a Motion to Dismiss, the court accepts all well-pled factual allegations in the complaint and views such facts in the light most favorable to the non-moving party. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); In re Newbridge Networks Securities Litigation, 926 F. Supp. 1163 (D.D.C. 1996). However, the court need not accept as true legal conclusions or conclusory statements that are not supported by well-pled factual allegations. Kowal at 1276. Even assuming the facts as alleged by plaintiff, she still fails to state a claim and this case should be dismissed in its entirety.

Ms. Brown does not specify under which title of the ADA she is attempting to make a claim. Title II of the ADA prohibits discrimination by a public entity against a "qualified individual with a disability." 42 U.S.C. § 12132.

---

[2] Although plaintiffs claim the children were denied admission due to B.K.Brown's alleged disability, plaintiffs also expressed concern to the School about the School's curriculum and policies which include Bible study as well as a vegetarian diet.

In order to show a violation of Title II, a plaintiff must show that: (1) he is a "qualified individual with a disability"; (2) the defendant is subject to the ADA; and (3) that plaintiff was denied participation in or benefit from services, programs, or activities, or were otherwise discriminated against by defendants, solely by reason of plaintiff's disability.  Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998).

With respect to the second element, a public entity includes, "(A) any State or local government; (B) any department, agency, special purpose district or other instrumentality of a State or States or local government . . ." 42 U.S.C. § 12131.  In the case at bar, the School is a private entity that does not fall under the ADA definition of a public entity.  *See* Ellis v. Morehouse School of Medicine, 925 F. Supp. 1529 (N.D. Ga. 1996) (finding that private medical school was not public entity).  Even if a private entity accepts federal funding, that does not make the private entity a "public entity" under the ADA.[3]  Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (stating, "As to Defendant Hospice, Plaintiffs contend that it is a "public entity" under the ADA because it accepts federal funding.  Plaintiffs offer no authority, however, for their contention . . . Plaintiffs have not shown that the Hospice is a "public entity" under the ADA, an essential element of a Title II claim").  Plaintiff has failed to state a claim under Title II of the ADA since the School is not a public entity.

Plaintiff has also failed to state a claim under Title III of the ADA, which prohibits discrimination by private entities in public accommodations.  42 U.S.C. § 12182.  The School, however, is exempt from the ADA since it is a religious entity and is operated by a religious entity.  Title III is not applicable to "religious organizations or

---

[3] Here, the School is not even accepting federal funding; plaintiff had apparently accepted a federally-funded scholarship that could be used at one of many different institutions.

3

entities controlled by religious organizations, including places of worship." 42 U.S.C. § 12187; PGA Tour, Inc. v. Martin, 532 U.S. 661, 689 n.51 (2001) (noting the express religious organization exemption); White v. Denver Seminary, 157 F. Supp. 2d 1171 (D. Colo. 2001) (finding seminary was religious organization exempt from ADA and could invoke exemption even though seminary had "publicly stated that it complies with . . . the ADA"). The regulations promulgated pursuant to the ADA confirm this exemption:

> The ADA's exemption of religious organizations and religious entities controlled by religious organizations is very broad, encompassing a wide variety of situations. Religious organizations and entities controlled by religious organizations have no obligations under the ADA. Even when a religious organization carries out activities that would otherwise make it a public accommodation, the religious organization is exempt from ADA coverage. *Thus, if a church itself operates a day care center, a nursing home, a private school, or a diocesan school system, the operations of the center, home, school, or schools would not be subject to the requirements of the ADA or this part.* The religious entity would not lose its exemption merely because the services provided were open to the general public. The test is whether the church or other religious organization operates the public accommodation, not which individuals receive the public accommodation's services . . .
>
> Religious entities that are controlled by religious organizations are also exempt from the ADA's requirements. Many religious organizations in the United States use lay boards and other secular or corporate mechanisms to operate schools and an array of social services. The use of a lay board or other mechanism does not itself remove the ADA's religious exemption.
>
> Thus, a *parochial school, having religious doctrine in its curriculum and sponsored by a religious order, could be exempt either as a religious organization or as an entity controlled by a religious organization, even if it has a lay board.*"
>
> 28 C.F.R. Pt. 36, App. B (quoting from the definition of "religious entity") (emphasis added).

Applying the facts to the law, it is indisputable that the School is a religious entity and is therefore exempt from the ADA. Plaintiff has failed to state a claim under Title III of the ADA and this case must be dismissed.

Plaintiff Brown has also failed to state a claim for which relief may be granted because she has requested monetary damages, which are not recoverable through private claims under Title III of the ADA, as only injunctive relief is available.[4] 42 U.S.C. § 12188; *see also* Steere v. George Washington University, 368 F. Supp. 2d 52 (D.D.C. 2005) (noting that plaintiffs did not respond to defendant's argument thereby conceding that plaintiffs could not seek damages). Ms. Brown seeks damages that cannot possibly be granted under the ADA; consequently, her claim must be dismissed.

Moreover, Ms. Brown has failed to state a claim under the ADA, since neither minor child is alleged to have any covered disability. In order to state a claim under Title III of the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination because of the disability. 42 U.S.C. § 12182(a); Singh v. George Washington University, 368 F. Supp. 2d 58, 62 (D.D.C. 2005).

If a plaintiff has no disability, he cannot state a claim under the ADA. Ms. Brown cannot state a claim on behalf of J.L. Brown, since no disability whatsoever is alleged. Any claim on behalf of J.L. Brown must be dismissed.

Further, Ms. Brown has failed to state a claim on behalf of B.K. Brown, as no particular disability nor the extent of any such disability was alleged. Not all disabilities covered under ADA, and a disability must be substantially limiting in order to be

---

[4] The ADA provides that relief available is the same as under 42 U.S.C. § 2000(a)(3)(a), which does not include monetary damages. *See also* Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401-02 (1968).

5

covered. 42 U.S.C. § 12102(2)(A). There is no allegation of a substantially limiting disability. According to the definition 28 C.F.R. § 36.104, only "specific learning disabilities" are considered disabilities under the ADA. Not all learning disabilities are covered under the ADA. Ms. Brown on behalf of B.K. Brown has failed to allege a covered disability and the claim must be dismissed for this reason.

Lastly, no jury trial is permitted under Title III of the ADA on any private claim by the allegedly aggrieved party, as the only relief available to a private party is an injunction. 42 U.S.C. § 12188; *see also* Bunjer v. Edwards, 985 F. Supp. 165 (D.D.C. 1997) (noting that the Title III ADA claim was heard by the Court and other claims heard by the jury). Plaintiffs' request for a jury trial should be stricken.

## III.   CONCLUSION

WHEREFORE, defendant respectfully requests that this Honorable Court grant this Motion and dismiss plaintiff's case with prejudice and strike the request for a jury trial.

> DUPONT PARK SEVENTH DAY
> ADVENTIST SCHOOL
>
> By: /s/ David D. Hudgins
>     Counsel
>
> David D. Hudgins (#362451)
> HUDGINS LAW FIRM
> 515 King Street, Suite 400
> Alexandria, Virginia 22314
> (703) 739-3300 phone
> (703) 739-3700 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October 2005, I sent a true and accurate copy of defendant's Motion to Dismiss, Memorandum of Points and Authorities in Support of Motion to Dismiss, and proposed Order via first class mail, postage pre-paid to:

L.G. Brown
4241 Fort Dupont Terrace, SE
Washington, DC  20020

By: _____
Counsel

7